IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARSHA SHOWES-TOLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:10-cv-745 |
| vs. | ) | |
| | ) | |
| CENTRAL CREDIT SERVICES, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARSHA SHOWES-TOLBERT, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, CENTRAL CREDIT SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Cincinnati, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Florida, which is licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about February 8, 2010, Defendant's representatives and/or employees, including but not limited to an individual representing herself as "Debbie," began contacting Plaintiff by telephone, sometimes multiple times per day, in attempts to collect the aforementioned alleged debt. However, Defendant's representatives and/or employees failed to disclose Defendant's name and/or that they were debt collectors during the course of every communication with Plaintiff.

8. During the aforementioned telephone calls, Debbie represented herself to be an attorney and/or acting on behalf of an attorney by threatening to garnish Plaintiff's wages and/or place a lien on Plaintiff's home.

9. However, on information and belief, Debbie is not an attorney licensed to practice law in the State of Ohio, nor does Defendant maintain an office in Ohio. Furthermore, to Plaintiff's knowledge, no lien has been placed on Plaintiff's home with regard to the alleged debt.

10. On or about February 15, 2010, Defendant mailed an initial letter to Plaintiff in a further attempt to collect the alleged debt.

11. On or about March 4, 2010, Defendant mailed a letter to Plaintiff with what purported to set forth a payment schedule allegedly agreed to by Plaintiff and Debbie for payment of the alleged debt. A copy of said letter is attached hereto as Exhibit 1.

12. On or about March 15, 2010, Plaintiff mailed a letter to Defendant disputing that she ever entered into that payment schedule and also disputing the validity of the alleged debt. A copy of said letter is attached hereto as Exhibit 2. In said letter, Plaintiff inadvertently identified Defendant's March 4, 2010 letter as its February 15, 2010 letter.

13. In response, on or about March 26, 2010, Defendant mailed a letter to Plaintiff enclosing a Judgment Entry showing a judgment that was not entered in favor of Defendant, nor the current creditor as listed in Defendant's correspondence with Plaintiff, but rather, said judgment appeared to have been entered in favor of a third party, CACV of Colorado, LLC. A copy of Defendant's March 26, 2010 mailing to Plaintiff is attached hereto as Exhibit 3.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    b. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

  c. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

  d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  e. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

  f. Placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6); and

  g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARSHA SHOWES-TOLBERT, respectfully prays for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

18. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

19. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

20. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

21. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

22. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, MARSHA SHOWES-TOLBERT, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

            Respectfully Submitted,

            /s/ David B. Levin
            David B. Levin (0059340)
            Mitchel E. Luxenburg (0071239)
            Attorneys for Plaintiff
            Luxenburg & Levin, LLC
            23875 Commerce Park
            Suite 601
            Beachwood, OH 44122
            (888) 493-0770, ext. 302 (phone)
            (866) 551-7791 (facsimile)
            David@LuxenburgLevin.com